# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13-cv-1560-JFC |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE E. CONROY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CONTI, Chief District Judge.

## I. **Introduction**

This civil action arises out of a dispute between plaintiff Craig Campbell ("plaintiff") and various officials of Harrison Township, Pennsylvania (the "Township") concerning a parcel of property located in the Township and owned by plaintiff. In his *pro se* amended complaint, plaintiff names as defendants George E. Conroy ("Conroy"), William R. Poston ("Poston'), Robin Bergstrom ("Bergstrom"), William E. Mitchell, Sr. ("Mitchell"), Gary J. Lilly ("Lilly"), Faith A. Payne ("Payne"), Joe Marino ("Marino"), Norb Cieslinski ("Cieslinski"), and the Township (collectively "defendants"). He contends that defendants violated his constitutional rights as secured by the Fifth and Fourteenth Amendments by withholding insurance proceeds after a fire on his property, failing to provide adequate police protection, singling him out for code violation enforcement, and passing an ordinance that effectuated a total economic taking of his property.

Presently pending before the court is defendants' motion to dismiss or, alternatively, motion for summary judgment (ECF No. 28.) This court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, defendants' motion to dismiss will be granted.

II. **Factual Background Derived from the Complaint and Accepted as True for Purposes of Resolving the Motion to Dismiss**

Because plaintiff is proceeding *pro se*, the factual allegations in his amended complaint are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff is the owner of property located at 58-60 Garfield Street in the Township. (ECF No. 27 ¶ 5.) Defendants Conroy, Poston, Bergstrom, Mitchell and Lilly are members of the board of commissioners for the Township. (*Id*. ¶¶ 7, 44.) Defendant Payne is the executive secretary for the Township, and defendants Marino and Cieslinski are employed by the Township as zoning and code enforcement officers. (*Id*. ¶¶ 2, 5, 9.)

Prior to the events underlying this litigation, plaintiff's property was damaged by two separate fires. (ECF No. 1 ¶ 10.) A portion of the insurance proceeds for the fire damage was placed into an escrow account controlled by the Township, as required by state law. (*Id*. ¶ 11.) Plaintiff was informed that those funds would be disbursed to him upon completion of appropriate fire remediation. (ECF No. 27 ¶¶ 1-5.) Payne instructed plaintiff that he could obtain the remainder of the escrowed insurance funds by having the property inspected by "code enforcement" and providing the Township with a receipt for the repairs. (*Id*. ¶ 4.)

In the meantime, plaintiff put the property up for sale in April 2013. (*Id*. ¶ 38.) On August 28, 2013, the Township enacted Ordinance 1963, § 201, entitled "Transfer of Ownership of Certain Properties" ("Ordinance 1963" or the "Ordinance"). Ordinance 1963 imposes limitations on a property owner's ability to transfer a property that is not in compliance with all

applicable building codes, property maintenance regulations, and dangerous building ordinances.[1]  (*Id*. ¶ 39.)  Plaintiff contends that Ordinance 1963 prevents him from selling his property and has stripped it of all economic value.  (*Id*. ¶¶ 41-43.)

On September 18, 2013, plaintiff met with Cieslinski and Marino at the property to inspect the repairs that had been completed.  (*Id*. ¶ 5.)  Marino and Cieslinski pointed out various code violations persisting on plaintiff's property.  (*Id*. ¶ 9.)  Cieslinski made additional repair demands that plaintiff categorized as "impossible."  *(Id*.)  Cieslinski started yelling at plaintiff and his wife and behaving in a threatening manner.  (*Id*.)

In response to the code violations noted by the zoning officers, plaintiff's wife pointed to several other properties in the area and asked whether there had been any citations for code violations on those properties.  (*Id*. ¶ 10).  Cieslinski replied, "no."  (*Id*.)  Plaintiff also showed Marino and Cieslinski several instances where neighbors had dumped grass clippings, dog droppings, and tree branches over the fence onto plaintiff's property.  (*Id*. ¶ 13.)  Cieslinski and Marino refused to investigate those allegations and instead cited plaintiff for the dumping and damage.  (*Id*. ¶ 14.)

Following his meeting with Marino and Cieslinski, plaintiff presented his complaints to the Township's board of commissioners at public meetings held on September 20, 2013 and October 28, 2013.  (*Id*. ¶¶ 6, 23, 40.)  Each of the commissioners – Conroy, Poston, Bergstrom, Mitchell, and Lilly – was present at both meetings.  (*Id*. ¶¶ 7, 23, 26.)  In addition to his complaints about Marino and Cieslinski, plaintiff explained that his property had been broken into numerous times and that tools, pipes, plumbing, wiring, and household appliances valuing

---

[1] Ordinance 1963 is a matter of public record and may be relied upon by the court to decide a Rule 12(b)(6) motion to dismiss.  *See*, *e.g.*, *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

over $8,000 had been stolen, but no police officer had ever come out to investigate. (*Id*. ¶ 18.) The commissioners responded by laughing at plaintiff and making jokes about his business practices. (*Id*. ¶ 24.) Plaintiff suggests that the commissioners' hostility stems from the fact that he once ran for public election against a candidate endorsed by Conroy. (*Id*. ¶ 27.)

### III. Procedural Background

Plaintiff filed his original four-count complaint on October 28, 2013. (ECF No. 1.) In Count One he asserted a violation of his substantive due process rights based upon the Township's failure to provide police patrols to protect his property. (*Id*. ¶¶ 1-2.) In Count Two he asserted a procedural due process claim based upon the Township's retention of his fire insurance proceeds and Payne's failure to advise him about the proper procedure to follow to receive those funds. (*Id*. ¶¶ 12-15.) In Count Three he asserted a selective enforcement equal protection claim based upon allegations that the Township singled plaintiff out by citing code violations on his property despite other nearby properties being "far worse." (*Id*. ¶¶ 18-23.) In Count Four he asserted that Ordinance 1963 effectuated a total economic taking of his property. (*Id*. ¶¶ 27-29.)

Defendants filed a motion to dismiss or, alternatively, motion for summary judgment on November 19, 2013. (ECF No. 4.) In that motion, defendants challenged plaintiff's complaint on several grounds. First, they argued that plaintiff had not stated a viable Fourteenth Amendment or Fifth Amendment violation and had failed to exhaust any remedies that might have been available. (ECF No. 5 at 9-12.) They next argued that plaintiff's Fifth Amendment takings claim failed as a matter of law because Ordinance 1963 is a constitutionally valid property regulation. (*Id*. at 12-14.) Finally, defendants argued that plaintiffs' claims were barred

4

by the Eleventh Amendment and that all the individual defendants were entitled to qualified immunity. (*Id*. at 14-18.)

The court granted defendants' motion to dismiss on December 23, 2014. (ECF No. 25.) As a threshold matter, the court held that the defendants were not entitled to Eleventh Amendment immunity and that defendants' exhaustion and qualified immunity arguments were premature and could be more appropriately addressed on a fully developed record. (*Id*. at 9-11.) Nonetheless, the court concluded that plaintiff had generally failed to allege any plausible basis for establishing liability against any of the defendants and, consequently, had failed to satisfy the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (*Id*. at 11-22.) The court granted defendants' motion to dismiss, but permitted plaintiff an opportunity to file an amended complaint addressing the deficiencies highlighted in the court's memorandum opinion. (*Id*. at 22-23.)

Plaintiff filed his amended complaint on October 14, 2014. (ECF No. 27.) In his amended complaint, plaintiff again asserts violations of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. In Count One (referred to in the complaint as "Part One") he asserts a procedural due process claim based upon plaintiff's allegation that defendants have retained his fire insurance proceeds without cause. (*Id*. ¶ 7.) In Count Two he asserts a violation of his equal protection rights premised on a theory of selective enforcement of the law. (*Id*. ¶¶ 8-27.) Specifically, plaintiff contends that defendants have: (1) selectively enforced code provisions against his property while ignoring violations on nearby properties; (2) refused to investigate and cite his neighbors for dumping garbage on his property; and (3) failed to provide adequate police protection and police response to prevent his property from being victimized by thieves. (*Id*.) Finally, In Count Three he alleges that defendants effectuated a

taking of his property by restricting the transferability of his property through the enactment of Ordinance 1963 and violated his substantive due process rights by making "unreasonable" demands with respect to the disbursement of his fire insurance proceeds. (*Id*. ¶¶ 30-31, 38-41.)

On October 30, 2014, defendants filed the instant motion to dismiss plaintiff's amended complaint. (ECF No. 28.) Plaintiff filed a response to the motion on January 15, 2015 (ECF No. 34), and defendants replied on January 27, 2015. (ECF No. 35.) This matter is ripe for review.

### IV. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993).[2] In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to

---

[2] Generally, a district court may not consider matters outside of the complaint when ruling on a Rule 12(b)(6) motion to dismiss. "If, on a motion under Rule 12(b)(6)…, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). When a motion to dismiss is treated as a motion for summary judgment, the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. This includes giving the party opposing summary judgment an adequate opportunity to obtain discovery. *See Brown v. U.S. Steel Corp*., 462 F. App'x 152, 155 (3d Cir. 2011) (citing *Dowling v. City of Phila*., 855 F.2d 136, 139 (3d Cir.1988)). Here, defendants appended materials outside of the pleadings in support of their motion. The court will not consider these materials, except for Ordinance 1963 of which the court takes judicial notice, without providing plaintiff an opportunity to respond. Instead, the court will address defendants' motion as a motion to dismiss in accordance with Rule 12(b)(6).

raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. … Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (*quoting Twombly*, 550 U.S. at 556–57) (internal citation omitted).

Two working principles underlie *Twombly*. *Iqbal,* 556 U.S. at 678. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Twombly*, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting Fed R. Civ. P. 8(a)(2)).

In this case, plaintiff is proceeding without the benefit of legal counsel. *Pro se* plaintiffs are held to a less stringent standard than individuals who are represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("*[P]ro se* litigants are held to a lesser pleading standard than other parties."). Nevertheless, for Rule 12(b)(6) purposes, "a *pro se*

complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Salley v. Sec'y Pa. Dep't of Corr.,* 565 F. App'x 77, 81 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678); *see Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) ("[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se.").

V. **Discussion**

Although the complaint does not specifically refer to 42 U.S.C. §1983, the court construes the complaint as asserting claims under that statute. Section 1983 provides private citizens a right of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws ... .

42 U.S.C. §1983. This statute does not create substantive rights; instead, it "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996).

To state a viable claim under 42 U.S.C. § 1983, "a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Lomax v. U.S. Senate Armed Forces Serv. Comm.,* 454 F. App'x 93, 95 (3d Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Because there is no question that the Township officials named as defendants acted under color of state law, the relevant issue is whether plaintiff made sufficient factual allegations to permit this court to infer he has a plausible claim for a deprivation of his

8

constitutional rights. Here, plaintiff purports to assert violations of his rights under the Fifth and Fourteenth Amendments. Each violation will be discussed in turn.

1. <u>Plaintiff's Procedural Due Process Claim</u>

In Count One of the amended complaint, plaintiff alleges that his procedural due process rights are being violated because the Township is withholding his fire insurance proceeds pending repairs to a building on his property at 58-60 Garfield Street. Plaintiff avers that Payne instructed him that she would release the funds once plaintiff had the property inspected by "code enforcement" and provided her with a receipt. (ECF No. 27 ¶ 4.) Plaintiff states that he met with code enforcement officers Cieslinski and Marino for the requested inspection, but they made "impossible" demands and pointed out numerous code violations that still needed to be addressed. (*Id.* ¶ 5.) Plaintiff complained to the board of commissioners, but his complaint was ignored. (*Id.* ¶ 6.)

To state a procedural due process claim, plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013). "A state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body." *Virimindi,* 521 F. App'x at 65 (quoting *DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell*, 53 F.3d 592, 597 (3d Cir.1995), *abrogated in part on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir.2003)). As the United States Supreme Court has explained:

9

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.

*Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990).

In the instant case, plaintiff's allegation that the Township withheld his insurance proceeds arguably satisfies the requirement of a deprivation of a property interest. However, plaintiff's amended complaint suffers from the same defect as his original complaint; namely, his failure to supply any factual content about the procedures that are available to address the alleged property deprivation. Plaintiff did not plead any facts that could plausibly show that those procedures are constitutionally inadequate. *See Vurimindi v. City of Phila.,* 521 F. App'x 62, 65 (3d Cir. 2013) (a plaintiff must show, as part of his procedural due process claim, that the state procedure for challenging the alleged deprivation was "constitutionally inadequate") (citing authority). Because plaintiff offered no allegations that would permit a plausible inference that he was denied a constitutionally adequate procedural remedy for the alleged deprivation of his insurance money, Count One fails to state a viable claim under §1983.

2. Plaintiff's Equal Protection Claims

In Count Two of the amended complaint plaintiff asserts that defendants violated his Equal Protection rights through a pattern of selective law enforcement. First, plaintiff avers that defendants cited his property for various code violations while refusing to cite four other nearby properties. (ECF No. 27 ¶¶ 9-10.) He next contends that defendants refused to prevent his neighbors from dumping garbage, lawn refuse, and dog droppings onto his property. (*Id*. ¶¶ 13-

14.) Finally, he alleges that defendants supplied inadequate police protection in his neighborhood and failed to investigate several break-ins occurring on his property. (*Id.* ¶¶ 17-22.)

"To establish a selective enforcement claim, a party must demonstrate '(1) that he was treated differently from other similarly situated individuals, and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor ... or to prevent the exercise of a fundamental right.'" *Suber v. Wright*, 574 F. App'x 207, 211 (3d Cir. 2014) (quoting *Dique v. N.J. State Police*, 603 F.3d 181, 184 n. 5 (3d Cir.2010)). Persons are "similarly situated" for equal protection purposes when "'they are alike in all relevant aspects.'" *Id.* (quoting *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir.2008)). At the motion to dismiss stage, the plaintiff "must allege facts sufficient to make plausible the existence of such similarly situated parties." *Perano v. Twp. of Tilden,* 423 F. App'x 234, 238 (3d Cir. 2011).

In the instant case, plaintiff's equal protection claim appears to be based on a "class of one" theory. A plaintiff may obtain relief for equal protection violations as a "class of one" where the plaintiff alleges "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Thus, a plaintiff asserting a "class of one" claim "must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Here, plaintiff's equal protection claims fail because he did not provide any factual allegations suggesting that other similarly situated individuals were differently treated. For

11

example, with respect to his allegations based on selective code violation enforcement, plaintiff states that Marino and Cieslinski met with him on the property and advised him about several code violations. (ECF No. 27 ¶ 9.) In response, plaintiff "pointed to four properties across the alley and asked if they were being cited." (*Id*.) Cieslinski answered, "no." (*Id*. ¶ 10.) Based entirely on this exchange, plaintiff contends that his equal protections rights have been violated. He, however, did not provide any detail about the state of those other properties, i.e., whether they were actually in violation of any code provisions, or whether they were subject to inspection by ordinance officers on the basis of on an ongoing dispute over fire insurance proceeds. Consequently, the court cannot evaluate whether they were "alike in all relevant aspects." *Suber*, 574 F. App'x at 211.

The same defect applies to plaintiff's claims relating to the lack of police presence and his issues with neighbors dumping trash on his property. Simply put, plaintiff did not allege sufficient facts for the court to infer plausibly that other similarly situated individuals received the police protection and intervention that he was denied. Absent more specific factual allegations about the existence of allegedly similarly situated parties, no plausible inference can be drawn that plaintiff is being treated differently than anyone else. *See Perano,* 423 F. App'x at 238-39.

### 3. Plaintiff's Substantive Due Process Claim

In Part Three of plaintiff's amended complaint he sets forth two separate claims. First, plaintiff alleges that defendants violated his substantive due process rights when Cieslinski instructed him that "he would not authorize the release of any fire money unless [plaintiff] restored the building to its original use" as a rental property. (ECF No. 27 ¶ 31.) Plaintiff

contends that defendants' position is unreasonable, arbitrary, and amounts to a "taking." (*Id*. ¶¶ 35, 37.)

"[T]he touchstone of due process is protection of the individual against arbitrary action of government." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (internal quotation marks and citation omitted). "[W]here the challenge is to executive rather than legislative action, 'only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" *Nicini v. Morra,* 212 F.3d 798, 810 (3d Cir. 2000) (*en ban*c) (quoting *Lewis*, 523 U.S. at 846). Accordingly, to establish a substantive due process claim under §1983, plaintiff must prove (1) the particular interest at issue is protected by the Fourteenth Amendment, and (2) the government's deprivation of that protected interest shocks the conscience. *Connection Training Serv. v. City of Phila.,* 358 F. App'x 315, 319 (3d Cir. 2009); s*ee Gottlieb v. Laurel Highlands Sch. Dist*., 272 F.3d 168, 172 (3d Cir.2001) (substantive due process is violated when state conduct is "'arbitrary, or conscience shocking, in a constitutional sense'") (quoting *Lewis*, 523 U.S. at 847).

The Third Circuit Court of Appeals has instructed that the conscience-shocking standard is typically satisfied by "only the most egregious official conduct," such as corruption, self-dealing, or bias against a minority group. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285-86 (3d Cir. 2004). In *Eichenlaub*, for example, the plaintiffs alleged that zoning officials "applied subdivision requirements to their property that were not applied to other parcels; that they pursued unannounced and unnecessary inspection and enforcement actions; that they delayed certain permits and approvals; that they improperly increased tax assessments; and that they maligned and muzzled the [plaintiffs]." *Id.* The court of appeals found that none of the

aforementioned allegations shocked the conscience; to the contrary, they represented "examples of the kind of disagreement that is frequent" in township land-planning disputes. *Id*. at 286.

Assuming plaintiff had pled a constitutionally protected property interest, his claim that defendants are improperly withholding his fire insurance proceeds in response to his refusal to restore the property to its original condition clearly falls well short of the conduct deemed insufficient in *Eichenlaub*. There is no allegation that defendants engaged in self-dealing or fraud, or discriminated against him on the basis of a protected characteristic. *See*, *e.g.*, *Maple Props., Inc. v. Twp. of Upper Providence*, 151 F. App'x 174, 179 (3d Cir. 2005) (finding that land use decisions violate due process when they involve "corruption, self-dealing, or a concomitant infringement on other fundamental individual liberties"). Plaintiff's claim does not rise to the level of a substantive due process violation simply because he alleges that defendants failed to apply the same ordinances to another nearby property owner following a fire at "Heights Plaza." (Amended Compl. (ECF No. 27) ¶¶ 36-37). It is well-settled that "[l]and use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives." *United Artists Theatre Circuit v. Warrington*, 316 F.3d 392, 402 (3d Cir. 2003). Thus, courts have repeatedly held that a township that enforces a regulation against one landowner but not another does not engage in conscience shocking behavior. *See*, *e.g.*, *Eichenlaub*, 385 F.3d at 286 (allegation that township "applied subdivision requirements to [plaintiff's] property that were not applied to other parcels" did not state a substantive due process claim); *Highway Materials, Inc. v. Whitemarsh Twp.*, 386 F. App'x 251, 258 (3d Cir. 2010) (defendants' allegation that township "treated it differently from nearby [property] owners" did not amount to a substantive due process violation); *Kriss v. Fayette Cnty.*, 827

F.Supp.2d 477, 494 (W.D. Pa. 2011) ("Even a scheme to improperly apply ordinances [or] treat a property owner differently from nearby owners . . . does not amount to behavior that shocks the conscience."). In the absence of any allegations of conscience shocking behavior, plaintiff's substantive due process claim must be dismissed.

    4. <u>Fifth Amendment Takings Claim</u>

In the second subsection of Part Three of his amended complaint, plaintiff attempts to state a claim for a legislative taking pursuant to *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 197 (1985). This claim is based entirely upon the Township's enactment of Ordinance 1963. (ECF No. 27-1). In broad brush, Ordinance 1963 places restrictions on the sale or transfer of a property that has been the subject of a "Notice" from the Township regarding outstanding violations of applicable building codes, property maintenance regulations, or dangerous building ordinances. Ordinance 1963 provides that such properties may not be sold or transferred unless the property owner first obtains a "Document of Property Compliance" from a Township building inspector. (ECF 27-1 at 3.) A property owner may obtain a "Document of Property Compliance" by remedying the violations outlined in the Notice, overturning the Notice through a court action, or by disclosing the existence of the Notice to the proposed buyer. (*Id*. at 4.)

Plaintiff contends that the Ordinance "put a conveyance on the property without compensating [him]" and that he is now "unable to transfer the property and . . . unable to repair and enjoy [the] property." (ECF No. 27 ¶ 43.) He alleges that the Township enacted Ordinance 1963 in direct response to his prior sale of another fire-damaged property and contends that "[a]ny economic benefit [of his property] has been taken away by design" because "[n]obody in

15

their right mind would purchase or even take ownership with this ordinance hanging over them." (*Id*. ¶¶ 40, 42-43.)

The allegations in plaintiff's amended complaint are nearly identical to those that the court deemed "conclusory" and "insufficient to plead a plausible Fifth Amendment violation" in the course of dismissing his original complaint. (ECF No. 25 at 16.) As explained by the court:

> [P]laintiff avers that "Harrison Township enacted an ordinance no. 1963" (Compl. ¶ 27), which "transfers a conveyance to the deed without due process and without compensation to the owner" (*id.* ¶ 28) and thus constitutes a "total economic taking." (*Id.*¶ 29.) Plaintiff claims that the "[t]erms and conditions brought about by Township Ordinance No. 1963 makes any transfer of [his Garfield Street] property ... unsellable and virtually worthless." (*Id.* ¶ 31.) He asserts that a "taking has taken place and the township owes the plaintiff full value of said property under eminent domain." (*Id.* ¶ 32.) These conclusory allegations are insufficient to plead a plausible Fifth Amendment violation. *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (*citing Twombly,* 550 U.S. at 555).

(*Id*.) Plaintiff did not supply any additional factual content to elevate his allegations from the possible to the plausible. *See Iqbal*, 556 U.S. at 678. Indeed, plaintiff failed to plead sufficient factual detail for the court to determine whether Ordinance 1963 even applies to his property. For example, Plaintiff does not allege that he has received a "Notice" from the Township concerning any outstanding violations of applicable building codes, property maintenance regulations, or dangerous building ordinances, or that he has attempted to obtain a "Document of Compliance" and been denied.

Plaintiff's conclusory assertion that "any economic benefit" has been stripped from the property fails to plausibly allege that the Ordinance has eliminated all economically viable options for his use of the property. Plaintiff indicates in his amended complaint that the property has previously been used as a rental unit and that he would currently like to use it as a storage

16

unit. (ECF No. 27 ¶¶ 30-34.) He does not explain how Ordinance 1963 has any impact on either of those economically viable uses. In the absence of any such factual allegations, it cannot be plausibly inferred that the Ordinance has stripped the property of *all* economic value. *See, e.g., Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 (1992) (holding that "when the owner of real property has been called upon to sacrifice *all* economically beneficial uses in the name of the common good, that is, to leave his property economically idle, he has suffered a taking.") (emphasis in original); *Cowell v. Palmer Twp.*, 263 F.3d 286, 291 (3d Cir. 2001) (refusing to find a taking where the township decision at issue "may have prevented the plaintiffs from entering into certain transactions, [but] did not foreclose all economically viable uses of the land.").[3]

In short, plaintiff failed to remedy the deficiencies identified in his original complaint. Consequently, his Fifth Amendment takings claim must be dismissed.

### 5. Leave to Amend

In light of plaintiff's *pro se* status, the court will provide plaintiff with one additional attempt to amend his complaint to state a viable claim for relief. Plaintiff is strongly admonished that his amended pleading must conform to the pleading requirements of *Iqbal* and *Twombly* and must set forth sufficient factual content to establish a plausible constitutional violation in light of the principles discussed herein.

## V. Conclusion

Based on the foregoing considerations, defendants' motion to dismiss (ECF No. 28) will be granted. Plaintiff may file an amended complaint within twenty days of the entry of the order

---

[3] Defendants also contend that Ordinance 1963 does not effectuate a taking because it is a valid land usage regulation. (ECF No. 29 at 21-24). The court has previously held that this fact-intensive inquiry would benefit from a more fully developed record. (ECF No. 25 at 21-22). The same is true of defendants' arguments based on qualified immunity and exhaustion. (*Id*. at 9-11).

accompanying this memorandum opinion. Failure to do so will result in the dismissal being with prejudice.

An appropriate order follows.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

Dated: August 20, 2015