# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG CAMPBELL, | ) |
| Plaintiff, | ) Case No. 2:13-cv-1560-JFC |
| v. | ) |
| GEORGE E. CONROY, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CONTI, Chief District Judge.

Presently pending before the court is the defendants' motion to dismiss second amended complaint or, alternatively, motion for summary judgment (ECF No. 42.) For the reasons that follow, defendants' motion to dismiss will be granted.

Plaintiff Craig Campbell ("Plaintiff") initiated this civil action by filing a four-count complaint on October 28, 2013. (ECF No. 1.) In his complaint, plaintiff alleged that various officials of Harrison Township, Pennsylvania had violated his Fifth and Fourteenth Amendment due process and equal protection rights by withholding insurance proceeds after a fire on his property, failing to provide adequate police protection, singling him out for code violation enforcement, and passing an ordinance that effectuated a total economic taking of his property. (ECF No. 1.) The court dismissed the complaint on December 23, 2014, holding that plaintiff had failed to allege any plausible basis for establishing liability against any of the defendants and, consequently, had failed to satisfy the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (ECF No. 25.)

Plaintiff filed an amended complaint on October 14, 2014, asserting substantively identical violations of his rights under the Fifth and Fourteenth Amendments. (ECF No. 27.) The court again dismissed the action, noting that plaintiff had failed to remedy the pleading deficiencies in his original complaint and had failed to satisfy the pleading requirements of *Iqbal* and *Twombly*. (*Id*. at 10, 12, 14, 17.) In light of plaintiff's *pro se* status, the court provided him with one additional attempt to amend his complaint to state a viable claim for relief and cautioned him that failure to do so would result in dismissal with prejudice. (*Id*. at 17-18.)

On October 14, 2015, plaintiff filed his second amended complaint. (ECF No. 41.) Defendants promptly moved to dismiss. (ECF No. 42.) When plaintiff failed to oppose the motion to dismiss, the court issued an order on April 4, 2016, directing plaintiff to show cause on or before April 14, 2016 as to why this action should not be dismissed for failure to prosecute. (ECF No. 44.) Plaintiff filed his response to the show cause order on April 11, 2016. (ECF No. 45.)

In his response, plaintiff made no attempt to explain his failure to respond to defendants' motion to dismiss. Instead, he accused the court and defendants of engaging in *ex parte* communications and requested that the undersigned recuse from this action. (*Id*. at 2-4.) Plaintiff's allegations appear to be based on his mistaken belief that the court's show cause order was issued in response to an *ex parte*, undocketed motion from the defendants. (*Id*.) In actuality, the court issued that order *sua sponte*, based entirely on the court's own observation that plaintiff had failed to respond to defendants' motion to dismiss.

On April 21, 2016, plaintiff filed an untimely second response to the show cause order. (ECF No. 48.) In his belated response, plaintiff contends that the *Iqbal*/*Twombly* standard is impossible to satisfy, requests an interpreter to help him understand "legalese," requests an

2

opportunity to conduct discovery or proceed to alternative dispute resolution, and accuses the court of bias. (*Id*. at 2-4.)

After reviewing each of the aforementioned submissions, the court concludes that dismissal with prejudice is appropriate for several reasons. As an initial matter, careful scrutiny of plaintiff's second amended complaint reveals that he again failed to correct the deficiencies that plagued his original and first amended complaints. It is axiomatic that a *pro se* litigant, although held to a less stringent standard than a party represented by counsel, must nonetheless satisfy the pleading requirements of *Iqbal* and *Twombly*. *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) ("[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se."). To do so, the plaintiff must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of his claim. *Wilkerson v. New Media Tech. Charter Sch.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The primary substantive addition to plaintiff's latest pleading is a background section in which he avers that he has a long history of clashing with the defendants over various political and environmental issues. (ECF No. 41 at 1-6.) Plaintiff suggests that this acrimonious history is the motivation for the allegedly unconstitutional actions taken by the defendants. However, although plaintiff's pleadings are replete with general accusations of wrongdoing, bias and misconduct, he has still failed to plead the necessary elements to state a claim for any deprivation of a federal constitutional right. For example, the court previously dismissed plaintiff's equal protection claim for selective law enforcement by noting that he had failed to allege the existence of any other similarly situated individuals who were treated differently than he was. (ECF No.

3

36 at 11-12.) Plaintiff still has not done so. (ECF No. 41-3.) Similar shortcomings plague each of the other claims raised in his latest pleading.

While the court is sympathetic to the difficulties facing a *pro se* litigant, the court is bound by the clear standards elucidated by the United States Supreme Court in *Iqbal* and *Twombly*. It is not enough for a plaintiff asserting a federal constitutional violation to simply allege that the defendants have acted badly or inappropriately or unfairly; rather, the plaintiff must plead sufficient facts to show that a claim has substantive plausibility with respect to each element of the claim. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. Jan. 11, 2016) (noting that a court reviewing a motion to dismiss must identify the elements that the plaintiff must plead to state a claim, eliminate any allegations that are mere legal conclusions, and then determine whether the remaining well-pleaded factual allegations are sufficient to give rise to a plausible entitlement to relief). Because plaintiff failed to satisfy this standard, despite several opportunities to do so, his second amended complaint will be dismissed with prejudice.

In addition, the court notes that neither of plaintiff's responses to the show cause order provided any explanation or justification for his failure to respond to defendants' motion to dismiss. Dismissal is warranted under such circumstances. *See, e.g., Qadr v. Overmyer*, -- F. App'x --, 2016 WL 873784, at *2 (3d Cir. Mar. 8, 2016) (concluding that dismissal was appropriate where district court offered the plaintiff an opportunity to show cause for his failure to respond to court orders and plaintiff failed to do so); Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to prosecute).[1]

---

[1] The court observes that this is the second time in the course of this litigation that plaintiff failed to respond to a motion to dismiss. (See ECF No. 16.)

Finally, plaintiff's assertion that the undersigned should recuse from this action is meritless. Pursuant to 28 U.S.C. § 455, recusal is required where a judge's impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a part." 28 U.S.C. § 455(b)(1). Recusal is appropriate only where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Bias must typically be established by alleging facts that arise outside of the course of litigation. *Liteky v. United States*, 510 U.S. 540, 544 (1994) (bias required before recusal "must stem from an extrajudicial source"). Thus, "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

Plaintiff's allegation of bias in the instant case derives entirely from his perception that he has been unfairly treated throughout this litigation because of his *pro se* status and because the defendants are represented by counsel. (ECF No. 45 at 2-3; ECF No. 48 at 3-4.) The basis for this perception is his mistaken belief that the court issued the April 4, 2016 show cause order in response to a secret communication from the defendants. (ECF No. 45 at 1-2.) In addition to being factually inaccurate, plaintiff's request for recusal is essentially based on his general displeasure with the legal rulings issued by the court in favor of the defendants. This kind of allegation does not provide a valid ground for recusal. *Liteky*, 510 U.S. at 544; *Securacomm*, 224 F.3d at 278. *See also N'Jai v. Bentz*, No. 13-1212, 2016 WL 3261892, at *2 (W.D. Pa. Jun. 14, 2016) (rejecting arguments for recusal that "are all rooted in this case" and raise "no allegations of bias that have an extrajudicial source").

5

Based upon the foregoing considerations, defendants' motion to dismiss (ECF No. 42) will be granted. The court further finds that amendment is futile in this case because "the plaintiff was put on notice as to the deficiencies of [her] complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002). Consequently, this action will be dismissed, with prejudice.

An appropriate order follows.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

Dated: July 21, 2016